**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

REBECA SANTIAGO,
Plaintiff,

vs.

MEYER TOOL, INC.,
Defendant.

Case No. 1:19-cv-32
McFarland, J.
Litkovitz, M.J.

**ORDER**

Plaintiff Rebeca Santiago, a former machine operator at defendant Meyer Tool, Inc., brings this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Equal Pay Act, 29 U.S.C. § 206(d)(1), and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, as well as various state law statutes. This matter is before the Court on plaintiff's motion to quash defendant's subpoenas to Belcan, LLC and Belflex Staffing Network (Doc. 50), which seek the "[e]ntire employment file of the plaintiff, Rebecca Santiago" (Doc. 52), and defendant's response in opposition (Doc. 61). This matter is also before the Court on plaintiff's motion for a protective order. (Doc. 67). The Court held a status conference in this matter on January 9, 2020 and heard additional arguments from the parties on the motion to quash.

Plaintiff moves to quash the subpoenas sent by defendant to Belcan, LLC and Belflex Staffing Network—employers of plaintiff after she was terminated by Meyer Tool—contending that information relating to her work performance at subsequent jobs is irrelevant and beyond the scope of permissible discovery. (Doc. 50 at 1, 5). Plaintiff argues that the only relevant evidence in this case is what Meyer Tool knew at the time it terminated her employment. (*Id.* at 2). Plaintiff argues that defendant's request for employment performance records seeks impermissible character evidence under Federal Rule of Evidence 404(a). (*Id.* at 5). Plaintiff further argues that defendant's subpoenas amount to a "fishing expedition" in the hopes of

finding performance deficiencies or attendance issues similar to those alleged by defendant to justify plaintiff's termination. (*Id.*). In the event the Court declines to quash the subpoena, plaintiff seeks to the limit the information sought in the subpoenas to plaintiff's post-termination earnings records. (*Id.* at 6).

Defendant alleges that the evidence it seeks from Belcan and Belflex regarding plaintiff's termination from those jobs after she left Meyer Tool is relevant to: (1) the issues of mitigation of damages and backpay, and (2) to plaintiff's performance at Belcan and Belflex, which may corroborate defendant's stated basis for terminating plaintiff's employment, i.e., producing nonconforming parts. (*Id.* Doc. 61 at 2-3, 6). Defendant alleges that plaintiff has a duty to mitigate her damages in this employment discrimination case, and it bears the burden of proof on this affirmative defense. (Doc. 61 at 1, citing *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983)). Defendant contends that if plaintiff is directly responsible for losing her subsequent employment, she "effectively remove[d] herself from the job market for purposes of receiving backpay." (*Id.* at 3) (citing *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 937 (5th Cir. 1996)).

As the party seeking to quash the subpoena, plaintiff bears the burden of showing the discovery sought is overly broad, unduly burdensome, or not relevant. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Id.* (quoting *Barrington v. Mortgage IT, Inc.*, No. 07-61304, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007)). Under the federal rules, parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense, regardless of whether the

information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court must determine whether the subpoena requests are overly broad or seek irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. *Hendricks*, 275 F.R.D. at 253 (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).

In this case, defendant presents as an affirmative defense that plaintiff failed to mitigate her damages. (Doc. 8 at 13). In employment discrimination cases, once the plaintiff presents evidence on the issue of damages, "the burden of producing sufficient evidence to establish the amount of interim earnings or lack of diligence shifts to the defendant." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 623 (6th Cir. 1983) (internal citations omitted). Thus, records and documents related to plaintiff's compensation and benefits at her subsequent places of employment are relevant to the issue of mitigation of damages. *See Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1168 (6th Cir. 1996) (plaintiff has duty to mitigate damages by seeking suitable employment with reasonable diligence). Here, plaintiff's post-termination earnings records are relevant to the issue of mitigation of damages and specifically the amount that plaintiff could have earned with reasonable diligence. *Hite v. Peters*, No. CIV.07-4492, 2009 WL 1748860, at *4 (D. N.J. June 19, 2009); *Zeller v. S. Cent. Emergency Med. Servs., Inc.*, No. 1:13-cv-2584, 2014 WL 2094340, at *5 (M.D. Pa. May 20, 2014).

In addition, courts have recognized that employment records other than those related to earnings may also be relevant to the issue of mitigation and damages under the circumstances of a particular case. *See, e.g., Stewart v. Orion Federal Credit Union*, 285 F.R.D. 395, 399 (W.D. Tenn. 2012); *Noble v. Ruby Tuesdays Restaurants, Inc.*, No. 2:06-cv-259, 2007 WL 3125131, at *2 (S.D. Ohio Oct. 23, 2007); *Levitin v. Nationwide Mut. Ins. Co.*, No. 2:12-cv-34, 2012 WL

6552814, at *4 (S.D. Ohio Dec. 14, 2012). In this case, records relating to the reasons for plaintiff's termination from employment subsequent to Meyer Tool are relevant to the mitigation of damages issue and backpay.

An employer's liability for backpay may be tolled where the plaintiff's loss of subsequent employment is deemed "willful." *Thurman*, 90 F.3d at 1168. In *Thurman*, the Sixth Circuit explained:

> A plaintiff has a duty to mitigate his damages by seeking suitable employment with reasonable diligence. 42 U.S.C. § 2000e–5(g); *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 232 (1982); *Whatley v. Skaggs Companies, Inc.*, 707 F.2d 1129, 1138 (10th Cir.), *cert. denied*, 464 U.S. 938 (1983). If an employee suffers a "wilful loss of earnings," however, the employer's backpay liability is tolled. It is the employer's burden to prove that backpay should be tolled. *N.L.R.B. v. Ryder System Inc.*, 983 F.2d 705, 712 (6th Cir. 1993).
>
> In *Ryder*, an employer claimed backpay should be tolled because the plaintiffs were fired for insubordination and therefore suffered a wilful loss of earnings. The court held, "[A] discharge from interim employment will toll backpay liability only if the employee's misconduct was 'gross' or 'egregious.'" *Id.* at 713. Similarly, an employee's discharge for cause due to his wilful violation of company rules will toll backpay. *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269 (4th Cir. 1985).
>
> Yellow Freight claims that Thurman failed to mitigate his damages because Riggs Trucking Company, his subsequent employer, fired him for cause. During his probationary period at Riggs, Thurman drove a truck under an overpass that was too low. As a result, he bent the exhaust pipe. Riggs discharged him due to the accident. There was no evidence that Thurman acted intentionally. Thus, Yellow Freight failed to establish that Thurman acted wilfully or committed a gross or egregious wrong. Backpay should not be tolled and the district court is affirmed on this issue.

*Thurman*, 90 F.3d at 1168-69. Because a defendant may seek to toll its liability for backpay where an employee's termination from a subsequent employer was "willful," the information defendant seeks on the reasons for plaintiff's termination is relevant and discoverable. To the extent documents or records reflecting the reasons for plaintiff's termination also reference plaintiff's performance reviews and/or disciplinary action, these documents are discoverable.

4

Therefore, defendant may discover documents and employment records reflecting plaintiff's earnings and reasons for termination in her employment with Belcan and Belflex.

Plaintiff has not shown that the information sought in the subpoenas to Belcan, LLC and Belflex Staffing Network is overly broad, unduly burdensome, or not relevant. Plaintiff's citation to *Williams v. United States Envtl. Servs., LLC*, No. CV 15-168, 2016 WL 684607, at *6 (M.D. La. Feb. 18, 2016) as demonstrating that "the only evidence that is relevant is evidence of what Meyer Tool knew at the time it decided to terminate plaintiff's employment" is unpersuasive and based on a selective reading of that case. The court in *Williams* held that information related to plaintiff's *past* employment, including evidence of plaintiff's earnings, work performance, or qualifications, was irrelevant and beyond the scope of permissible discovery. *Id.* at *5, *7. In contrast, the court held that evidence of the plaintiff's *current* position's "promotional opportunities, compensation, job responsibilities, working conditions, and status" was relevant to the issue of mitigation and therefore discoverable. *Id.* at *6. As such, the Court remains persuaded that employment records from plaintiff's subsequent employers are relevant to the issue of mitigation and therefore discoverable. *Stewart*, 285 F.R.D. at 399.[1]

Defendant's second justification for seeking plaintiff's "entire employment file" relates to plaintiff's performance at her subsequent jobs with Belcan and Belflex. To the extent defendant argues that employment records like performance evaluations or disciplinary records may show comparable performance deficiencies or wrongdoing similar to defendant's stated reasons for terminating plaintiff, this information is not relevant. Defendant's decision to terminate plaintiff occurred before she obtained her subsequent employment; therefore, any discipline and

---

[1] In permitting this discovery, the undersigned does not rule on the distinct issue of whether any discovered information will be admissible. *See e.g.*, Fed. R. Evid. 404 (barring character evidence). Such evidentiary issues are left to the sound discretion of the presiding judge.

5

performance reviews received by plaintiff at her subsequent employment have no bearing on defendant's intent or reasons for terminating plaintiff's employment with Meyer Tool. Whether plaintiff was producing non-conforming parts at Meyer Tool—and fired for this reason—will depend on the specific circumstances of her employment and conditions at Meyer Tool. The circumstances under which plaintiff may have been subsequently terminated at a different job, in a different environment, and with a different employer are simply not relevant to what happened at Meyer Tool. Plaintiff's performance at a post-Meyer Tool employer does not tend to make it more or less likely that Meyer Tool terminated plaintiff for the same stated reasons, i.e., producing non-conforming parts, or whether Meyer Tool improperly terminated her based on her gender, disability, or exercise of FMLA rights.[2]

Plaintiff's motion for a protective order (Doc. 67) under Fed. R. Civ. P. 26(c) seeks to "protect [p]laintiff from potential negative employment consequences, undue embarrassment and the undue burden and expense of attending the unilaterally set deposition of a corporate representative of [p]laintiff's current employment agency, Belcan LLC, as noticed in [d]efendant's Meyer Tool, Inc.'s Notice of Deposition of Belcan, LLC (Doc # 66) and related third-party deposition subpoena to Belcan, LLC (Doc # 66-1)." (Doc. 67). Plaintiff's motion for a protective order has not been fully briefed. In view of the above ruling on plaintiff's motion to quash, the Court sets the following deadlines for briefing on plaintiff's motion for protective order:

---

[2] While the undersigned finds that plaintiff's employment records are not relevant and discoverable for the second reason advanced by defendant, plaintiff's employment records relating to her earnings and termination, which may include performance reviews and/or disciplinary reports, are relevant and discoverable on the issue of mitigation of damages and backpay. Again, whether such records are ultimately admitted is a decision for the presiding judge in this case.

6

1. Defendant's responsive brief is due by January 17, 2020.

2. Plaintiff's reply brief is due by January 24, 2020.[3]

Accordingly, for the reasons set forth above, plaintiff's motion to quash (Doc. 50) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

Date: 1/10/20

Karen L. Litkovitz
United States Magistrate Judge

---

[3] At the January 9, 2020 conference, the parties orally agreed to work together to reschedule any deposition that may be ordered in the event the motion for a protective order is denied. This scheduling order in no way precludes the parties from otherwise agreeing to the authenticity and admissibility of the Belcan records, which may obviate the need for a deposition.

7