# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| REBECA SANTIAGO, <br> Plaintiff, <br><br> vs. <br><br> MEYER TOOL, INC., <br> Defendant. | Case No. 1:19-cv-32 <br> McFarland, J. <br> Litkovitz, M.J. <br><br> **ORDER** |

This matter is before the Court on defendant's motion to quash a subpoena under Fed. R. Civ. P. 45(d)(3) issued by plaintiff to Spooner Incorporated ("Spooner") (Doc. 42), plaintiff's response in opposition (Doc. 51), defendant's reply memorandum (Doc. 55), and plaintiff's supplemental memorandum opposing defendant's motion to quash (Doc. 65).

## I. Background

On November 27, 2019, defendant filed a motion to quash the subpoena issued by plaintiff to Spooner Incorporated, which is a third-party administrator of records for Meyer Tool. (Doc. 42). Defendant argues that the subpoena is overly broad and outside the scope of discovery as it requests information related to "any and all employees of Meyer Tool, Inc. who applied for FMLA [Family and Medical Leave Act] leave since 2014." (*Id.* at 5) (citing Subpoena, Exh. A, Doc. 42-1 at 4, ¶ 10). Defendant also raises potential confidentiality and privacy concerns related to these requests. (*Id.*). Plaintiff subsequently filed a response in opposition and defendant filed a reply memorandum. (Docs. 51, 55). On December 10, 2019, the parties discussed the Spooner subpoena with the Court during an informal discovery conference. After the conference, the Court ordered plaintiff to share her theory regarding her FMLA claims and supporting case law with defendant and explain why the information requested in the Spooner subpoena is relevant to the existing claims in this case. (Doc. 57). The

Court indicated that it would rule on the parties' briefings if the issue was not resolved. (*Id.*). This matter is now ripe for the Court's review. In addition to the briefings, the Court also considers the email correspondence between the parties involving the Spooner subpoena, which was submitted as an exhibit to plaintiff's supplemental memorandum. (Doc. 65-1, 65-2, 65-3). The email correspondence indicates that defendant does not oppose the subpoena to Spooner with respect to the records involving plaintiff Rebeca Santiago. Defendant indicates that it has requested that Spooner produce these records. However, defendant continues to oppose the remaining requests in the Spooner subpoena that involve employees other than Ms. Santiago. Therefore, the Court's review is limited to defendant's motion to quash Spooner subpoena request Nos. 2, 5, 8, and 10:

> 2. Please provide the first and last initials, employee identification number, age, sex, race, and position of any and all employees of Meyer Tool, Inc. who applied for FMLA leave since 2014[.]
>
> 5. Please provide any and all documentation relating to your policies relating to and regarding the calculation of intermittent FMLA leave.
>
> 8. Please provide any and all instructions from Meyer Tool, Inc. relating to and regarding the calculation of intermittent FMLA leave.
>
> 10. Please provide any and all communication and documents relating to and regarding the calculation of the intermittent FMLA leave of any and all employees of Meyer Tool, Inc. who applied for FMLA leave since 2014.

(Subpoena, Ex. A, Doc. 42-1).

## II. Resolution

Plaintiff argues that defendant lacks standing to challenge the subpoena directed at Spooner. (Doc. 51 at 2-3). When a subpoena is directed at a nonparty, the Court must first decide whether or not the party moving to quash the subpoena has standing. *Schaumleffel v. Muskingum Univ.*, No. 2:17-cv-463, 2019 WL 3071851, at *2 (S.D. Ohio July 15, 2019).

Generally a party has no standing to quash a subpoena directed at a nonparty unless the party seeking to quash claims "a personal right or privilege with regards to the documents sought." *Id.* (quoting *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:11-cv-0851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013)). Only a party to whom a subpoena is directed has standing to oppose it. *Waite et al.*, 2013 WL 146362, at *5.

Here, the subpoena issued by plaintiff is directed towards Spooner, a nonparty, and Spooner has not attempted to oppose or quash the information sought in the subpoena. Defendant was not the party that was served with the subpoena, and it has not articulated a personal right or privilege regarding the information sought in the Spooner subpoena. The party seeking to quash a subpoena bears a heavy burden of proof that a personal right or privilege over the documents sought exists and must make more than a conclusory assertion of an interest or privilege. *Schaumleffel*, 2019 WL 3071851, at *2 (internal quotations omitted). In its reply brief, defendant solely argues that the subpoena to Spooner was served in violation of the discovery deadline and does not directly address whether or not it has standing to quash the subpoena. (*See* Doc. 55). In any event, all issues involving the discovery deadline are now moot given that the Court has ordered that the discovery deadline is extended. (*See* Doc. 57). Defendant has not met its burden of showing it has standing to quash the subpoena directed toward Spooner, a nonparty.

Even if defendant did have standing to move to quash the Spooner subpoena, the Court concludes that the information sought in the subpoena is relevant and discoverable under Fed. R. Civ. P. 26(b)(1). "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D.

251, 253 (S.D. Ohio 2011) (quoting *Barrington v. Mortage IT, Inc.*, No. 07-61304, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007)). Under the federal rules, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Plaintiff has demonstrated that the FMLA records related to other employees of Meyer Tool are relevant to her FMLA retaliation claim in this case. Plaintiff argues that she intends to prove her prima facie case of FMLA discrimination with statistical evidence of a pattern of discrimination by Meyer Tool against employees who exercise or attempt to exercise their FMLA rights. (Doc. 65 at 5). Plaintiff argues that the statistical evidence gleaned from the Spooner subpoena would, in conjunction with other *McDonnell Douglas* elements, give rise to an inference of FMLA discrimination or could alone constitute prima facie proof of a pattern or practice of discrimination. (*Id.*). The Court finds that the authority provided by plaintiff on the theory of her FMLA claims is persuasive to establish that the information sought in the Spooner subpoena is relevant.

Courts within the Sixth Circuit have recognized that FMLA discrimination claims may be analyzed similar to claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, finding that a plaintiff may establish a prima facie case of FMLA discrimination by "establishing a pattern of discrimination through the use of statistical evidence." *Summerville v. Esco Co. P'ship*, 52 F. Supp. 2d 804, 809 (W.D. Mich. 1999) (quoting *Kaylor v. Fannin Regional Hosp., Inc.*, 946 F. Supp. 988, 1000 (N.D. Ga. 1996) (recognizing that there are three methods by which an FMLA plaintiff may establish a prima facie case of FMLA discrimination: (1) by direct evidence of discriminatory intent; (2) by

circumstantial evidence of discriminatory intent through the use of the paradigm postulated in *McDonnell Douglas*, or (3) by establishing a pattern of discrimination through the use of statistical evidence). *See also Robinson v. T-Mobile*, 663 F. Supp. 2d 604, 617 (E.D. Tenn. 2009) (quoting *Summerville*, 52 F. Supp. 2d at 808-09); *Finley v. Manor Care of Kingsford, MI, L.L.C.*, No. 2:07-cv-236, 2008 WL 4743715, at *11 (W.D. Mich. Oct. 29, 2008) (quoting *Summerville*, 52 F. Supp. 2d at 808-09). In *Kaylor*, a case relied on by district courts within the Sixth Circuit, the Northern District of Georgia explained:

> The third method by which a plaintiff may establish a *prima face* case of FMLA discrimination is through the use of statistical evidence. *See Pace v. Southern Ry. Sys.*, 701 F.2d 1383 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983) (age discrimination claim). "If a plaintiff seeks to rely on proof of a pattern of discrimination . . . he has the burden of presenting such statistical evidence that will, in conjunction with the other [*McDonnell Douglas*] elements, give rise to an inference of discrimination." *Id.* at 1388. The Eleventh Circuit has held that even if statistics can be used to establish a pattern of discrimination against a class of individuals, the individual plaintiff must still be able to demonstrate that the adverse employment action directed against him was a result of such discrimination. *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1131 (11th Cir. 1984) (discussing statistics in Title VII race discrimination claims).

*Kaylor*, 946 F. Supp. at 1001. "A plaintiff may establish a part of a prima facie case of FMLA discrimination in cases relying on statistical evidence by showing that workers who invoke rights under the FMLA are systematically terminated." *Id.* at 1001 n.9.

Here, the records of other employees who, since 2014, have requested and/or taken FMLA leave at Meyer Tool and have suffered an adverse employment action would be relevant to showing whether Meyer Tool systematically terminated employees who took FMLA leave. Such evidence may give rise to an inference that defendant terminated plaintiff's employment in

retaliation for taking FMLA leave. Therefore, the information sought through the Spooner subpoena is relevant and discoverable.[1]

In terms of the privacy concerns raised by defendant about the confidential medical information of other employees, the Court notes that the subpoena does not seek the personnel files of Meyer Tool employees or the personal medical information of such employees. (Doc. 42-1, Ex. A ¶¶ 2, 5, 8, 10; Doc. 51 at 7-8). The subpoena is limited to documents on the calculation of intermittent FMLA leave (Doc. 42-1, Ex. A ¶ 10) and employee initials and demographics (Doc. 42-1, Ex. A. ¶ 2). As the subpoena does not seek private or confidential health information and such information will be subject to the parties' stipulated protective order, the Court need not issue any further protective order in this regard. Accordingly, defendant's motion to quash (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

Date: 1/15/20

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Defendant argues that outside of the context of reduction in force cases, "the Sixth Circuit has consistently limited the proof of a prima facie case of FMLA retaliation/interference to direct or circumstantial evidence." (Doc. 65-2 at 2). However, as defendant acknowledges, the Sixth Circuit has yet to address the question of whether statistical evidence cannot be used, in conjunction with other *McDonnell Douglas* elements, to prove a prima facie case of FMLA retaliation in cases other than reduction in force cases. The undersigned declines to prohibit plaintiff from seeking the requested information from Spooner in order to establish her prima facie case of FMLA discrimination.