UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECA SANTIAGO  
    Plaintiff,

vs.

MEYER TOOL INC., et al.,  
    Defendants.

Case No. 1:19-cv-32  
McFarland, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Rebecca Santiago brings this employment discrimination case against defendants alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Equal Pay Act, 29 U.S.C. § 206(d)(1) ("EPA"), and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), as well as various state law claims. This matter is before the Court on defendants' motion to dismiss plaintiff's state law defamation claim for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) (Doc. 60), plaintiff's response in opposition (Doc. 64), and defendants' reply memorandum (Doc. 72).

**I. Relevant Facts**

Plaintiff initiated this action in January 2019. (Doc. 1). Plaintiff filed her first amended complaint in November 2019, which includes five new causes of action and two new individual defendants. (Doc. 41). Count Nine of plaintiff's amended complaint, which defendants move to dismiss, alleges defamation under Ohio law. In the fall of 2019, plaintiff alleges that she applied and interviewed for a job with GE Aviation, which is a customer of Meyer Tool. (*Id.* at ¶¶ 60-62). Plaintiff alleges that her interview went well, she was told she "had achieved a perfect score," and she believed that she would receive a job offer from GE Aviation. (*Id.* at ¶ 62). After the interview, GE contacted Meyer Tool for a job reference on plaintiff. (*Id.* at ¶ 63). On November 8, 2019, plaintiff received a voice message from "Halley" at GE Aviation who

advised plaintiff that she had "talked to a couple of folks at Meyer Tool" and she "wasn't comfortable with the explanation for why Ms. Santiago was terminated by Meyer." (*Id.* at ¶ 64). As a result, plaintiff was advised that GE Aviation was not comfortable moving forward with an offer of employment and decided to pursue other candidates for the position. (*Id.*). In her Count Nine defamation claim, plaintiff alleges that the negative job reference statements to GE made by defendants Meyer Tool, Adams, and Finn were false and defamatory. (*Id.* at ¶¶ 152-154). Plaintiff alleges that she suffered injury to her reputation, profession, and trade as a direct and proximate result of the negative job reference. (*Id.* at ¶ 156).

## II. Motion to Dismiss (Doc. 60)

### A. Standard

In determining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). A motion can present a facial or factual challenge to the Court's subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A facial attack on the Court's subject matter jurisdiction alleged in the complaint "merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When resolving a facial challenge, the Court accepts the factual allegations of the complaint as true and construes the complaint in a light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999). If the motion presents a factual challenge, the Court may consider evidence

outside the pleadings to determine if jurisdiction exists. *See Nichols*, 318 F.3d at 677. Further, there is no presumption of truthfulness in favor of the non-moving party. *A.D. Roe Co., Inc.*, 186 F.3d at 722.

   **B. Resolution**

Defendants move to dismiss Count Nine of plaintiff's complaint under Fed. R. Civ. P. 12(b)(1). (Doc. 60 at 1-2). Defendants argue that it would be improper for the Court to exercise supplemental jurisdiction over the state law defamation claim because it does not derive from a common nucleus of operative facts giving rise to plaintiff's federal claims. (*Id.* at 3). Defendants argue that plaintiff's defamation claim regarding the negative job reference is unrelated to her federal claims that arise from her employment with Meyer Tool that ended more than two years prior. (*Id.*).

Courts may exercise supplemental jurisdiction over any state law claim that "form[s] part of the same case or controversy" as matters arising under the Court's original jurisdiction. 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (internal citations and quotation marks omitted)). District courts may properly exercise supplemental jurisdiction when (1) the federal claim has substance sufficient to confer subject matter jurisdiction on the court; (2) the state and federal claims derive from a common nucleus of operative fact; and (3) the plaintiff's claims are such that she would ordinarily be expected to try them all in one judicial proceeding. *Transcon. Leasing Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 165-66 (6th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S.

3

715, 725 (1966). Supplemental jurisdiction is a doctrine of discretion, which allows courts to weigh judicial economy and convenience and fairness to litigants. *Id.*

In this case, there is no question that plaintiff's FMLA, ADA, and EPA claims, which are based on federal statutes, have substance sufficient to confer subject-matter jurisdiction on this Court. *See Transcon. Leasing Inc.*, 738 F.2d at 166. In addition, plaintiff's defamation and federal employment claims derive from a common nucleus of operative fact. *Id.* at 167. Claims derive from a common nucleus of operative fact if they "revolve around a central fact pattern." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993)). Plaintiff's amended complaint alleges that she was terminated from Meyer Tool in 2017 as a result of unlawful discrimination, and not for the reason articulated by defendants: allegedly producing "non-conforming parts" as a machinist for Meyer Tool. (Doc. 41 at ¶¶ 50-52). The operative facts underlying plaintiff's state law defamation claim[1] are directly related to those underlying plaintiff's federal law claims: defendants' alleged reason for terminating plaintiff's employment. Plaintiff alleges that defendants made false, negative statements to GE Aviation about plaintiff and the reasons for her termination in response to GE Aviation's request for a job reference. As a result of these false and negative statements, GE Aviation declined to extend plaintiff an offer of employment. Plaintiff's federal discrimination and state law defamation claims are factually linked in that they all arise out of the same core dispute—the actual reason for plaintiff's termination from Meyer Tool. The federal claims and state defamation claim center around the end of plaintiff's

---

[1] To establish her defamation claim, plaintiff must prove that: (1) defendants made a false statement of fact; (2) the statement was defamatory; (3) the statement was published; (4) plaintiff suffered injury as a proximate result of the publication; and (5) defendants acted with the requisite degree of fault in publishing the statement. *See Am. Chem. Soc'y v. Leadscope, Inc.*, 978 N.E.2d 832, 852 (Ohio 2012) (citation omitted).

employment relationship with Meyer Tool and the breakdown of that relationship. For these reasons, plaintiff's federal and state claims are such that they would ordinarily be expected to be tried in a single judicial proceeding. *Transcon. Leasing Inc.*, 738 F.2d at 167. Accordingly, plaintiff's amended complaint satisfies the three elements for the exercise of supplemental jurisdiction in this case. *Id*.

Defendants' citations to *Douglas v. American Cyanamid Co.*, 472 F. Supp. 298 (D. Conn 1979) and *Smith v. Meijer of Ohio Inc.*, 566 F. Supp. 113, 117 (S.D. Ohio 1983), a case from this Court citing *Douglas*, are unavailing. Defendants are correct that these courts declined supplemental jurisdiction over state law defamation claims that focused on post-termination events. Unlike the instant case, however, the rationale for declining supplemental jurisdiction was based on what those courts viewed as the policy reasons underlying damages claims in the federal Age Discrimination in Employment Act ("ADEA") claims at issue. The *Douglas* and *Smith* courts reasoned that allowing supplemental jurisdiction over defamation claims, which could result in damages for emotional distress, would "subvert the policies of excluding damages for emotional distress under the ADEA." *Douglas*, 472 F. Supp. at 305-06. Here, in contrast, plaintiff does not allege a claim under the ADEA. Rather, she alleges a federal claim under the ADA, under which damages for emotional distress are available. *See, e.g., Cox v. True N. Energy, LLC*, 524 F. Supp. 2d 927, 948 (N.D. Ohio 2007) (and cases cited therein). The Court finds no reason to extend the rationale of *Douglas* to plaintiff's federal claims in this case in determining whether it should exercise supplemental jurisdiction over plaintiff's defamation claim.

Because plaintiff's Count Nine defamation claim and her federal law claims derive from a common nucleus of operative fact, and it is in the interest of judicial economy to hear the

5

defamation claim in this case, the Court should exercise supplemental jurisdiction over plaintiff's state law claim for defamation.

Accordingly, it is **RECOMMENDED** that defendants' motion to dismiss Count Nine of plaintiff's amended complaint for lack of jurisdiction (Doc. 60) be **DENIED.**

Date: __June 8, 2020_____                              _____
                                                          Karen L. Litkovitz
                                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| REBECCA SANTIAGO<br>    Plaintiff, | Case No. 1:19-cv-32<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| MEYER TOOL INC., et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).