UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECA SANTIAGO　　　　　　　　　　　　　　Case No. 1:19-cv-32
　　　Plaintiff,　　　　　　　　　　　　　　　　　　　　McFarland, J.
　　　　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

MEYER TOOL INC., et al.,　　　　　　　　　　　**ORDER**
　　　Defendants.

This matter is before the Court on plaintiff's motion to file confidential deposition exhibits under seal. (Doc. 91). For the reasons that follow, the motion is denied without prejudice to refiling upon a showing of compelling reasons in accordance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

In *Shane Group*, the Sixth Circuit explained that "the public has a strong interest in obtaining information in the Court record." *Id*. at 305 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)):

> The courts have long recognized . . . a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. . . . [E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984). *The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter* [*Int'l, Inc. v. Abbott Labs*., 297 F.3d 544,] *at 548* [(7th Cir. 2002)].

*Shane Group*, 825 F.3d at 305–06 (emphasis added). Therefore, to warrant sealing of documents, the proponent of sealing must show more than "good cause." *Id.* at 305.

Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

Plaintiff has not proffered compelling reasons for sealing the designated deposition exhibits or shown why her interests in sealing these documents outweighs the public's right to obtain information in the Court's record. Therefore, plaintiff's motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date: 8/18/2020

Karen L. Litkovitz
United States Magistrate Judge