UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECA SANTIAGO,                            Case No. 1:19-cv-32
     Plaintiff,                            McFarland, J.
                                           Litkovitz, M.J.
    vs.

MEYER TOOL INC., et al.,                   **REPORT AND**
     Defendants.                          **RECOMMENDATION**
                                           **AND ORDER**

     This matter is before the Court on plaintiff's motion to vacate costs, for reconsideration

and/or to alter or amend judgment on bill of costs and for leave to file objections to bill of costs

(Doc. 146), defendants' response (Doc. 147), and plaintiff's reply.  (Doc. 148).  The matter is

fully briefed and is ripe for disposition.

## I.     BACKGROUND

     The merits of the case are not before the Court; accordingly, only a brief recitation of the

background is necessary.  Plaintiff Rebeca Santiago filed suit against defendants Meyer Tool

Inc., its human resources director, Deanna Adams, and plaintiff's direct supervisor, Edwin Finn,

Jr. (collectively Meyer Tool) alleging claims of employment discrimination for violations of the

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), the Equal Pay Act, 29

U.S.C. § 206(d)(1), and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), as

well as various state law claims.  The Court granted Meyer Tool's motion for summary

judgment; denied plaintiff's cross motion for summary judgment; dismissed with prejudice all of

plaintiff's federal claims; and declined to exercise jurisdiction over plaintiff's supplemental state

law claims.  *Santiago v. Meyer Tool Inc*., No. 1:19-cv-032, 2022 WL 3908954 (S.D. Ohio Aug.

30, 2022.  (Doc. 135).  Plaintiff appealed, but the Sixth Circuit upheld the decision in its entirety.

*See Santiago v. Meyer Tool Inc*., No. 22-3800, 2023 WL 3886405 (6th Cir. June 8, 2023). The mandate of this decision was issued on July 19, 2023. (Doc. 143).

After plaintiff filed her notice of appeal on September 23, 2022 (Doc. 136), Meyer Tool filed a bill of costs on September 27, 2022. (Doc. 138). The Clerk of this Court entered a notice setting forth a briefing schedule. (Doc. 139). Plaintiff's response was due October 18, 2022, and Meyer Tool's reply was due on November 1, 2022. Plaintiff, however, did not file a response to the bill of costs.[1] The Clerk did not address the bill of costs until after the appeal was finalized.[2]

In the memorandum regarding Meyer Tool's bill of costs, the Clerk allowed costs for the depositions of witnesses[3] in the amount of $5,702.55. (Doc. 144 at PAGEID 5233). The Clerk disallowed costs associated with two experts[4] in the amount of $1,103.00. (*Id.*). The Clerk allowed costs for standard witness fees for Rachel Frigo in the amount of $58.74 but disallowed additional fees of $11,016.50 for "expert services such as records review, analysis, report generation and appearance fees at an expert hourly rate, which are not recoverable." (*Id*. at 5233-34). The Clerk further disallowed costs in the amount of $123.47 for other costs due to lack of documentation. In accordance with Rule 54(d), Fed. R. Civ. P., the Clerk noted that a

---

[1] Plaintiff's response was not filed due to counsel error. Counsel asserted she did not receive email notifications from the Court's ECF system, and she did not have a duty to monitor the case while on appeal. (Doc. 146 at PAGEID 5238-39). Counsel states she first learned of the award of costs against plaintiff when she received the Clerk's memorandum as to bill of costs. (*Id*. at 5238). In the present motion, plaintiff argues that her counsel's errors fall into the category of excusable neglect under Fed. R. Civ. P. 60(b) and Fed. R. Civ. P 6(b)(1)(B). Because this case can be resolved without reviewing the underlying reasons for the errors of plaintiff's counsel, plaintiff's arguments under excusable neglect are moot and will not be reviewed. The Court will note, however, plaintiff's arguments for excusable neglect are not well taken. Counsel is advised she has an affirmative duty to monitor her cases at all stages of the proceedings and to keep the Court apprised of her current email address. *See Kuhn v. Sulzer Orthopedics, Inc*., 498 F.3d 365, 370-72 (6th Cir. 2007).

[2] Under S.D. Ohio Civ. R. 54.1, it is permissible for the Clerk to defer taxation of costs pending appeal.

[3] These witnesses were plaintiff, Gordon McGuire, JoAnne Poff, defendant Deanna Adams, Sarah Sweitzer, defendant Edwin Finn, Douglas Lang and Rachael Frigo.

[4] These experts were Siva Sivaganesan and Sandra Winkle.

motion to review the Clerk's taxation of costs must be served within seven days.  (*Id.*).  On August 31, 2023, the Clerk entered a memorandum of costs, allowing for Meyer Tool to recover costs in the amount of $5,761.29[5] (*id.* at PAGEID 5234), and costs were accordingly taxed against plaintiff.  (Doc. 145).

On September 7, 2023, plaintiff filed the motion presently under review, seeking several avenues for relief of the costs awarded to Meyer Tool.  Plaintiff "moves this Court pursuant to Fed. R. Civ. P. 6(b)(1)(B), Fed. R. Civ. P. 59(e), and Fed. R. Civ. P. 60(b)(1) for reconsideration of and/or to vacate and/or for leave to file her objections to the Clerk's taxation of Defendants' deposition transcript costs of $5,702.55."  (Doc. 146 at PAGEID 5236).  Plaintiff also moves for review of the Clerk's award of costs under Fed. R. Civ. P. 54(d).  Meyer Tool opposes the motion and asks the Court to "award Defendants its full costs[6] or, alternatively, uphold the Clerk's taxation of costs against Plaintiff under Fed. R. Civ. P. 54."  (Doc. 147 at PAGEID 5264).

Both plaintiff and Meyer Tool filed briefs on whether plaintiff is required to show excusable neglect for her failure to object to Meyer Tool's bill of costs prior to the Clerk's taxation of costs.   Plaintiff contends reconsideration of the Clerk's taxation of costs under Rules 6(b)(1)(B) and 60(b)(1) is permissible because plaintiff has shown excusable neglect for her omission.  She also argues reconsideration under Rule 59(e) is warranted to prevent manifest injustice.  Meyer Tool argues that plaintiff does not meet the excusable neglect standard and

---

[5] The Court notes that while the Clerk awarded costs in the amount of $5,761.29 (Doc. 144 at PAGEID 5234), plaintiff only seeks relief in the amount of $5,702.55 for deposition costs. (Doc. 146 at PAGEID 5236). Accordingly, when "costs" are referenced herein, it is only as to the costs of which plaintiff objects.

[6] Meyer Tool advances no substantive arguments in support of its request for an award of "full costs."  Meyer Tool fails to explain how the Clerk allegedly erred in assessing costs in this case.  Therefore, Meyer Tool's request for "full costs" should be denied.

plaintiff's motion should be denied. Both parties appear to assume that plaintiff's failure to challenge Meyer Tool's bill of costs in the Clerk of Court proceedings bars plaintiff's subsequent challenge on a Rule 54(d) motion. For the reasons discussed below, the Court's review of the Clerk's taxation of costs is committed to the sound discretion of the Court, and plaintiff's failure to file objections before the Clerk does not prevent this Court's review of plaintiff's timely Rule 54(d)(1) motion.

## II.    Plaintiff's Rule 54(d)(1) motion.

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."[7] Regarding implementation of Rule 54(d), this district's Local Rule provides as follows:

> If the prevailing party intends to file a bill of costs, the party must do so within forty-five days from the entry of judgment unless a statute or Court order provides otherwise. A bill of costs must be prepared on Form AO 133, which is available on the Court's website, or in substantially similar form. The bill of costs must be verified in accordance with 28 U.S.C. § 1924. The Clerk shall tax costs after all parties have had an opportunity to be heard on the bill of costs pursuant to the briefing schedule provided in S.D. Ohio Civ. R. 7.2. The Clerk may defer taxation of costs pending appeal.

---

[7] Those costs recoverable under Fed. R. Civ. P. 54(d) are specifically listed in 28 U.S.C. § 1920, which states:
   A judge or clerk of court of the United States may tax as costs the following:
   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for us in this case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

S.D. Ohio Civ. R. 54.1.

Meyer Tool complied with Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1 by timely filing a bill of costs with the Clerk. As noted above, plaintiff did not file a response opposing the bill of costs. The Clerk in turn complied with both rules and used the discretion permitted under Local Rule 54.1 to defer the taxation of costs pending plaintiff's appeal.

Costs were then taxed by the Clerk against plaintiff on August 31, 2023. Plaintiff filed the present motion on September 7, 2023, seeking relief from those costs. Under Rule 54(d)(1)'s provision that the Court may review the Clerk's action "on motion served within the next 7 days," plaintiff's Rule 54(d)(1) motion is timely on its face. Does plaintiff's failure to file objections during the Clerk of Court proceedings preclude judicial review of plaintiff's timely Rule 54(d)(1) motion? For the reasons that follow, the Court finds it does not.

Rule 54(d)(1) itself does not imply that the losing party must file objections before a clerk's taxation of costs. Rather, a plain reading of the rule only references that "[t]he clerk may tax costs on 14 days' notice," and the district court may review that action on "motion served within the next 7 days." Fed. R. Civ. P. 54(d)(1). The Court's Local Rules provide parties be given "an opportunity to be heard" before the Clerk assesses costs and reasonably envisions input from both parties on costs to aid the Clerk's taxation of costs. S.D. Ohio Civ. R. 54.1. Nevertheless, Local Rule 54.1 does not state that a party's failure to avail itself of this opportunity to be heard waives any future challenge before the Court. *Cf. Martin v. Daimler–Chrysler Corporation*, 251 F.3d 691, 695-96 (8th Cir. 2001) (plaintiff's failure to file objections within 14 days pursuant to court's local rule waived right to challenge costs); *Konig v. Dal Cerro*, No. C04-02210, 2008 WL 4628038, at *2 (N.D. Cal. Oct. 16, 2008) (plaintiff waived

right to challenge cost award by not filing objections where local rule mandated filing of objections within 10 days after service of bill of costs).

The Sixth Circuit has not specifically addressed a case where the non-prevailing party failed to file objections before the Clerk, and whether this failure has any impact on the district court's authority to review the matter. However, strong guidance in cases from the Sixth Circuit along with on-point district court decisions in this circuit leaves the Court convinced that while it is ill-advised to disregard the opportunity to object to a bill of costs afforded by Local Rule 54.1, the Court in its discretion may nevertheless review the Clerk's taxation of costs.

The case of *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 416 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd*., 566 U.S. 560 (2012), is highly instructive. In that case, Lexmark, the prevailing party, filed a bill of costs pursuant to Rule 54(d)(1), and BDT Products, the losing party, filed objections. The district court itself rejected BDT's objections and then ordered the clerk to tax the costs as laid out in Lexmark's bill of costs. *Id.*

The Sixth Circuit addressed the district court's uncommon method, stating:

The usual procedure is for the clerk to fix the costs, after which a motion may be made for judicial review of the clerk's decision. The motion must be served within five[8] days after the clerk has taxed the costs. Fed. R. Civ. P. 54(d)(1). "The function of the court in the process of taxing costs is merely to review the determination of the clerk. Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made." 10 C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure: Civil 3d § 2679 (1998). "However, several courts have rejected that suggestion either implicitly or explicitly and have acted on motions relating to costs prior to any action by the clerk." *Nelson v. Darragh Co*., 120 F.R.D. 517, 518 (W.D. Ark. 1988) (holding that the trial court may act before the clerk taxes costs). One rationale for court action prior to a determination by the clerk is that the language of Rule 54--"may be taxed by the clerk"--is permissive rather than mandatory. Fed. R. Civ. P. 54(d)(1). *See Deering,*

---

[8] The reference to "five days" was the time period allowed under Fed. R. Civ. P. 54(d)(1) prior to a 2009 amendment, which extended the time to seven days.

*Milliken & Co. v. Temp–Resisto Corp.*, 169 F. Supp. 453, 456 (S.D.N.Y. 1959);
*Nelson*, 120 F.R.D. at 518.

*BDT Products*, 405 F.3d at 417.

BDT argued the district court committed error in bypassing the clerk and asserted it was
prejudiced because it was not afforded the opportunity to develop objections it had filed with the
clerk. *Id*. at 418. As to those objections, BDT asserted it "only filed its [o]bjections as a
courtesy to the clerk to identify the items in dispute; the [o]bjections were not intended as a legal
brief on why the items should not be taxed." *Id*.

The Sixth Court noted there was no controlling authority on the issue. Upon
consideration, it adopted the reasoning of *Nelson*, 120 F.R.D. 517 and *Deering, Milliken & Co*.,
169 F. Supp. at 454, holding "the district court has the inherent and statutory authority to act on
motions related to costs prior to any action by the clerk based on the permissive language of Rule
54, the language of [28 U.S.C.] § 1920, and the fact that any decision by the clerk would have
been subject to *de novo* review by the district court." *BDT Products*, 405 F.3d at 418-19. Upon
full review of the district court's decision, the Sixth Circuit affirmed. *Id*. at 419.

It is clear from *BDT Products* that courts have inherent authority to review costs, and any
authority given to clerks to do so is discretionary under Rule 54(d)(1). District courts in this
circuit, in turn, have relied on *BDT Products* to specifically address the issue presently under
review, *i.e*., failure to file objections with the Clerk under the Local Rule.

In *Rutherlan Enterprises, Inc. v. Zettler Hardware*, No. 2:14-cv-00019, 2019 WL
2579157 (S.D. Ohio June 24, 2019), the Court was faced with somewhat similar facts to the case
at hand. Relying on *BDT Products* and the inherent authority of district courts to review costs,
the Court in *Rutherlan Enterprises* found no impediment to its review of costs despite objections

7

having not been filed before the Clerk and despite, unlike the case at bar, the failure of the plaintiff to file a timely motion for judicial review of the Clerk's taxation of costs.

In *Rutherlan Enterprises*, the defendant as the prevailing party filed a motion for attorney's fees, which included a request for costs under Rule 54(d)(1) and a separately filed bill of costs. Both documents were filed on the same day. *See* Case No. 2:14-cv-19, Docs. 87 and 88. Despite the plaintiff's failure to file a response to the bill of costs, the Clerk denied costs to the defendant. The Clerk notified the parties that if either wanted the Court to review its decision, a motion for review must be served within seven days. *Rutherlan Enterprises*, 2019 WL 2579157 at *1 (citing Rule 54(d)(1)). Neither party did so. *Id*. The Court then held a hearing on the defendant's motion for attorney's fees. The Court denied that motion but granted the defendant's request for taxation of costs, despite the Clerk's prior denial of them. *Id*. The plaintiff in *Rutherlan Enterprises* then filed a motion for reconsideration under Fed. R. Civ. P. 59(e), arguing that at the time the Court entered the order denying the defendant's motion for attorney's fees (1) the issue of costs had already been determined, and (2) the defendant had not filed a motion with the Court to review the Clerk's denial of costs. *Id*. at *2.

In deciding the motion for reconsideration, the Court in *Rutherlan Enterprises* acknowledged "the sequence of events in this case is not the typical procedure for review of costs. . . ." 2019 WL 2579157 at *2. Nonetheless, the Court concluded it had not committed clear error because "'the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk. . . .'" *Id*. (quoting *BDT Products, Inc*., 405 F.3d at 418). "Thus, although the typical process would be for the Clerk to decide the issue of costs in the first instance, a district court need not wait for the Clerk to do so and may consider untimely objections." *Id*. Accordingly, neither the failure to file objections before the Clerk or even the

failure to file a motion for judicial review of the Clerk's decision precluded the Court's ability to review costs.

*Clevenger v. Dillards, Inc*., No. 1:02-cv-558, 2009 WL 10709164 (S.D. Ohio Oct. 14, 2009), is also instructive. Like the present case, Dillards failed to file a timely response to the prevailing party's bill of costs due to counsel error. *Id.* at *1. The Clerk awarded costs in accordance with the bill of costs. Dillards filed a motion to vacate the Clerk's order taxing costs, which the Court agreed to review:

> The Court does not condone a party's failure to timely object to a party's cost bill after the Clerk of the Court has issued a specific order setting a deadline for response. Timely filing of objections to the Clerk serves the goal of efficient resolution of cost issues. However, in view of the circumstances . . . and given the general rule that disputes should be resolved on the merits whenever possible, the Court accepts counsel's representation that the error was inadvertent. The Court will consider the merits of Dillards' motion to tax costs.

*Id*. Thus, Dillards' failure to comply with the Clerk's order to file an objection to the bill of costs did not hinder the Court's authority to review costs.

The case of *Simons v. Hamya, Inc.*, No. 16-cv-01123, 2020 WL 13158415, at *1 (M.D. Tenn. Apr. 27, 2020), adds further credence to the conclusion that the Court may review costs despite plaintiff's failure to file objections before the Clerk of Court. In *Simons,* the defendant filed a motion for costs with the Court, bypassing the Clerk's procedure for review. The plaintiff opposed the motion, arguing the defendant had failed to comply with the Local Rule requiring a bill of costs be filed with the Clerk. *Id.* at *1. In addressing the defendant's scheme, the Court ruled it was

> persuaded by [d]efendant's argument that this Court can waive [defendant's] failure to comply with Local Rule 54.01 as the court has the inherent power to award costs, even where the prevailing party has failed to file an application with the Clerk. *See* Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920. . . . [T]he Sixth Circuit has recognized that the district court may consider a motion for costs even where a litigant has

failed to follow the ordinary rule which requires application to the Clerk, prior to
review by the district court. [*BDT Products*, 405 F.3d at] 418-19).

*Simons*, 2020 WL 13158415, at *1. Thus, the failure to comply with the Local Rule was waived,

and the Court proceeded with its review of costs.

On the other hand, parties who do not follow the rules relating to costs do so at their own

peril as it is within a court's discretion to decline review of untimely motions for review of costs.

In *Hillside Prods., Inc. v. Cnty. of Macomb*, 448 F. App'x 592, 593 (6th Cir. 2012), the Sixth

Circuit noted that "[w]hile a court may use its discretion to review untimely objections, *see*

*Soberay Mach. & Equip. Co. v. MRF Ltd*., 181 F.3d 759, 770 (6th Cir. 1999), we have affirmed

the denial of untimely motions for review of costs, *Sutter v. Gen. Motors Corp*., 100 F. App'x

472, 475 (6th Cir. 2004)."[9] The Court of Appeals concluded that the district court did not abuse

its discretion in denying the motion for review of costs as untimely. *Id.*

Based on the authority cited above, the Court concludes that plaintiff's failure to file

objections to Meyer Tool's bill of costs before the Clerk of Court does not prevent the Court's

inherent authority under Rule 54(d)(1) to review the Clerk's taxation of costs in this case. The

Court therefore reviews *de novo* plaintiff's timely filed Rule 54(d)(1) motion.

It is well settled that Rule 54(d)(1) "creates a presumption in favor of awarding costs, but

allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539

(6th Cir. 2001) (citation omitted). Thus, the Court may deny costs where it "'would be

inequitable under all the circumstances in the case.'" *Arnold v. Taylor Corp*., No. 3:17-cv-1381,

2020 WL 1862875, at *1 (N.D. Ohio Feb. 24, 2020) (citing *White & White, Inc. v. Am. Hosp.*

*Supply Corp*., 786 F.2d 728, 730 (6th Cir. 2001)) (quoting *Lichter Found., Inc. v. Welch*, 269

---

[9] For the sake of clarity, the Court notes that *Hillside Productions* and the cases it cited involved untimely objections
under Rule 54(d)(1) to the Clerk's taxation of costs. Regardless, certainly if failing to comply with Rule 54(d)(1)
can be excused under the Court's discretion, so can failing to comply with a local rule.

F.2d 142, 146 (6th Cir. 1959)). Because plaintiff opposes costs, she has the burden of persuading the Court that costs should not be imposed on her. *See Southside River Rail Terminal, Inc. v. CSX Transp., Inc.*, No. 1:02-cv-00295, 2005 WL 1630848, at *1 (S.D. Ohio July 5, 2005) (citing *BDT Products*, 405 F.3d at 420; *White & White*, 786 F.2d at 732).

Plaintiff is correct that courts may allow the denial of costs in cases that are "close and difficult." (Doc. 146 at PAGEID 5240) (citing *Aubin Indus., Inc. v. Smith*, 2009 WL 1674845 *2 (S.D. Ohio, June 15, 2009)). She is also correct that additional factors for this Court's consideration include whether the action was reasonable and brought in good faith, and whether awarding costs could have a chilling effect. (Doc. 146 at PAGEID 5240) (citing *White & White*, 786 F.2d at 730-31). Further, the Court agrees with plaintiff that it can consider whether she has the inability to pay. (Doc. 146 at PAGEID 5241) (citing *Texler v. Cnty. of Summit Bd. Of Mental Retardation and Developmental Disabilities*, 25 F.3d 1050 (6th Cir. June 4, 1994)). However, her stance that the Court should consider Meyer Tool's ability to bear its own costs without hardship is not supported by the law and is an irrelevant factor for the Court to consider. *Singleton*, 241 F.3d at 539.

Regarding plaintiff's assertions that this case was a close and difficult case, she relies on *White & White*, 786 F.2d at 730-31. (Doc. 146 at PAGEID 5247). In *White & White*, the Sixth Circuit determined that the "closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id*. at 732-33. That case involved a complex antitrust action with an 80-day trial, 43 witnesses, 800 exhibits, and over 15,000 pages of transcript, which resulted in a 95-page opinion. 786 F.2d at

732. The Sixth Circuit upheld the district court's denial of costs based on, *inter alia*, the length and difficulty of the case. *Id*. at 733.

Plaintiff's reliance on *White & White* is misplaced. Without delving into all the factors distinguishing that case from plaintiff's case, the Court finds that in comparison to *White & White*, the instant case cannot be considered close and difficult. This case, which involved gender and disability discrimination claims; FMLA claims; and gender-based pay discrimination claims, is not comparable to the difficulty and complexity of the legal and factual issues in *White & White*. In addition, just because claims are contested and cases are hard fought does not make them close and difficult. *See Hunter v. Gen'l Motors Corp*., 161 F. App'x 502, 503-04 (6th Cir. 2005) (finding trial judge abused discretion in denying costs based on *White & White* in an "altogether straightforward" discrimination case); *Pion v. Liberty Dairy Co*., 922 F. Supp. 48, 51 (W.D. Mich. 1996) (although case involved zealous, professional advocacy on both sides, case was not a close one and involved relatively straightforward claim of sex discrimination). Courts have also rejected "close and difficult" arguments where claims were resolved on summary judgment "based on straightforward analysis" of the facts. *See Brinson v. Summit Cnty*., No. 5:21-cv-1638, 2023 WL 6049322, at *3 (N.D. Ohio Sept. 15, 2023) (citing *Thomas v. AT&T Servs., Inc*., No. 1:11-cv-2768, 2013 WL 2950657, at *2 (N.D. Ohio June 14, 2013)).

This case lacks the indicia of a close and difficult case identified by the Court in *White & White*—the difficulty of discerning the law of the case and the difficulty in analyzing the evidence. Meyer Tool prevailed early in the case on a partial motion for judgment on the pleadings in regard to plaintiff's federal counts for gender discrimination and for wrongful termination. (Doc. 26 and Doc. 30). Then on cross motions for summary judgment, plaintiff's motion was denied in its entirety while Meyer Tool's motion was granted; and plaintiff's state

law claims were dismissed without prejudice. (Doc. 134). On appeal, the matter was affirmed. (Doc. 142). This case did not reach the factual or legal level of complexity of *White & White*, and it involved a relatively straightforward analysis of plaintiff's discrimination and FMLA claims and ultimately turned on plaintiff failure to meet her burden of presenting evidence creating genuine issues of fact on her claims. The Court concludes plaintiff's case was not "close and difficult."

Next, the Court will not question whether plaintiff brought this action in good faith. Even assuming that she did, this is insufficient on its own for plaintiff to overcome the presumption that Meyer Tool is entitled to costs. *See Freeman v. Blue Ridge Paper Prod., Inc*., 624 F. App'x 934, 939 (6th Cir. 2015) ("[A]lthough good faith may be a relevant consideration, it is not, without more, adequate to deny costs."); *see also Yarberry v. Gregg Appliances, Inc.*, No. 1:12-cv-611, 2017 WL 514552, at *2 (S.D. Ohio Feb. 8, 2017).

Plaintiff next argues awarding costs to a defendant employer will have a chilling effect on employment discrimination plaintiffs. She argues that plaintiff employees "will effectively be chilled out of seeking recourse for their employers' illegal employment discrimination through the court system because they cannot afford the risk of having to pay their and the employers' costs of litigation." (Doc. 146 at PAGEID 5246). She further argues the remedial and humanitarian purposes of the statutes under which she sued would be undermined by awarding costs to Meyer Tool. (*Id*.).

Plaintiff, however, has not "identif[ied] any chilling effect specific to this case that would not exist in every case in which a member of a protected class sues a larger institution." *Thompson v. Ohio State Univ*., No. 2:12-cv-1087, 2016 WL 1625828, at *3 (S.D. Ohio Apr. 25, 2016) (racial discrimination case); *see also Frye v. Baptist Mem'l Hosp., Inc.,* 507 F. App'x 506,

508 (6th Cir. 2012) (no chilling effect in FLSA case); *see also Carroll v. State of Ohio Dep't of Admin. Servs.*, No. 2:10-cv-385, 2015 WL 13001322, at *3 (S.D. Ohio Jan. 14, 2015) ("Indeed, if the Court held otherwise, virtually every plaintiff who loses a Title VII case will have an argument against awarding costs."). Simply being a losing plaintiff in an employment case is not in and of itself enough to seek relief from costs due to a concern of a chilling effect.

Moreover, courts have concluded that "any such chilling effect is counterbalanced by the positive chilling effect on future plaintiffs considering bringing a discrimination case when—as in this case— there exists no evidence of discrimination." *Thompson*, 2016 WL 1625828, at *3; *see also Carroll*, 2015 WL 13001322, at *3 ("Costs are taxed against a Plaintiff under this Rule only when the Plaintiff fails to establish liability, and the Court therefore finds that application of this rule will not chill the bringing of meritorious claims."). While "there is a sound policy reason to encourage potentially meritorious litigants to bring suit without fear of large cost assessments," the same concerns are not present where unmeritorious claims were neither close nor difficult. *Brinson*, 2023 WL 6049322, at *3 ("[T]his Court finds little risk that assessing costs against [the losing party] would deter future litigants with potentially meritorious claims— so long as they have some evidence to support their claims.").

Further, Courts within this circuit and the Sixth Circuit itself have routinely found that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate. *See Hildebrandt v. Hyatt Corp.*, No. 1:02-cv-003, 2006 WL 3063498, at *3 (S.D. Ohio Oct. 26, 2006) (citing *Hunter*, 161 F. App'x At 503-04 ; *Lindsay v. Pizza Hut of Am., Tricon, Inc.*, 84 F. App'x 582, 582-83 (6th Cir. 2003); *Bawle v. Rockwell Int'l Corp.*, 79 F. App'x 875, 877 (6th Cir. 2003); *Bivins v. United States Pipe & Foundry Co.*, 48 F. App'x 570, 572-73 (6th Cir. 2002)); *see also Williams v. Gen. Elec. Co.*, No. 2:01-cv-681, 2006 WL

14

8442088, at *5 (S.D. Ohio May 15, 2006); *Stadtmiller v. Health All. of Greater Cincinnati*, No. 1:05-cv-532, 2007 WL 9728520, at *2 (S.D. Ohio Aug. 21, 2007); *see also Chezem v. Robertson Cnty. Bd. of Educ.*, 3:01-cv-0056, 2005 WL 8174884, at *2 (M.D. Tenn. Aug. 22, 2005) (citing *Goostree v. State of Tennessee*, 796 F.2d 854 (6th Cir. 1986) and *Jones v. Continental Corp.*, 789 F.2d 1225 (6th Cir. 1986)).

While the Court may have reservations that awarding costs against a losing employee plaintiff could have potential chilling effects under certain circumstances, those circumstances are not present in the case at bar. The Court determined above that plaintiff's case was not close and difficult. Further, plaintiff has not argued any specific factors in her case that would not be present in any case brought against an employer or larger institution. Accordingly, the Court concludes that this consideration does not benefit plaintiff.

Plaintiff next argues Meyer Tool is a large corporation with many resources and can easily absorb these costs without hardship. (Doc. 146 at PAGEID 5244). As noted above, this argument is without merit. The ability of the prevailing party to pay its costs is not a relevant factor for the Court to consider. *See Singleton*, 241 F.3d at 539; *see also White & White*, 786 F.2d at 730 (citations omitted). Accordingly, the Court will not further examine this argument.

Plaintiff also takes exception to the award of costs arguing that Meyer Tool "greatly increased the time and expense in litigation in resisting discovery. . . ." (Doc. 146 at PAGEID 5244). Plaintiff has failed to establish how this alleged factor relates to the deposition costs allowed by the Clerk. Therefore, the Court finds no ground to deny costs on this basis.

Plaintiff additionally argues that the deposition and hearing transcripts for which the Clerk allowed costs were filed by her in the record on August 17 and 18, 2020, and thus were "accessible to and could be downloaded by Defendants' counsel through this Court's electronic

15

filing system" at that time. (*Id.* at PAGEID 5246). This argument lacks merit, and the Court will not belabor it other than to note that of the allowable deposition costs that Meyer Tool submitted to the Clerk, these costs were listed as having been incurred prior to August 17 and 18, 2020. (Doc. 138 at PAGEID 5179). Plaintiff has not otherwise argued the costs allowed were not reasonably necessary for the litigation; nor has plaintiff overcome the presumption of the necessity of such costs. *See, e.g., House v. Players' Dugout, Inc.*, No. 3:16-cv-00594, 2022 WL 17159539, at *2 (W.D. Ky. Nov. 22, 2022).

The Court next considers plaintiff's assertion that she does not have the ability to pay the costs assessed against her. One "factor weighing in favor of denying costs is the indigency of the losing party." *Singleton*, 241 F.3d at 539 (citing *Jones*, 789 F.2d at 1233). The Sixth Circuit has held that "when a party claims indigency, this court requires a determination of his or her capacity to pay the costs assessed." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (citing *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987); *Haynie v. Ross Gear Div. of TRW, Inc.*, 799 F.2d 237, 243 (6th Cir. 1986), *vacated* 482 U.S. 901 (1987)). "[D]istrict judges are encouraged to consider the question of indigency fully for the record," *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 861 (6th Cir. 2015) (internal quotation marks and citations omitted), and should make "specific findings" about a litigant's ability to pay. *Williams v. Nike TN, Inc.*, No. 16-6400, 2017 WL 4124050, at *3 (6th Cir. June 15, 2017). "A plaintiff is indigent if he or she 'is incapable of paying the court-imposed costs at this time or in the future.'" *Thompson*, 2016 WL 1625828, at *2 (quoting *Rashid v. Comm'ns Workers of Am.*, No. 3:04-cv-291, 2007 WL 315355, at *3 (S.D. Ohio Jan. 20, 2007) (in turn quoting *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004)). It is the non-prevailing party's burden to establish that

she is incapable of paying such costs. *Frye v. Baptist Mem'l Hosp., Inc.*, 863 F. Supp. 2d 701, 704-05 (W.D. Tenn.), *aff'd*, 507 F. App'x 506 (6th Cir. 2012) (citations omitted).

Plaintiff has not filed any documentation supporting her current claim of financial hardship, and the documentation referenced in the record is outdated. Plaintiff claims, without current proof, that requiring her to pay costs "could push her over the brink of financial collapse. . . ." (Doc. 146 at PAGEID 5246). She asserts in her motion, without documentation, that she is a single mother; she is the sole wage earner for her family; and she suffers from human immunodeficiency virus (HIV) and related conditions, which require expensive medical treatments. (Doc. 146 at PAGEID 5246). The only documentation she relies upon is in reference to earlier filings in the record. She cites her affidavit supporting her motion for summary judgment, which is over three years old. (Doc. 123 at PAGEID 4339). Other than her statements regarding her HIV impairment, her affidavit does not otherwise detail her financial status. (*Id.*). She also cites to a report dated June 26, 2020, from Denise O'Connor, a vocational specialist, who noted that when plaintiff has HIV flare ups, she experiences anxiety, depression, insomnia, migraines and fatigue. (Doc. 124-1 at PAGEID 4364). However, Ms. O'Connor's report does not detail plaintiff's financial status and even if it did, it would be outdated as it is now nearly four years old.

As noted above, where the litigant seeks to avoid the payment of costs based on indigency, a district court must make "a determination of [the litigant's] capacity to pay the costs assessed." *Sales*, 873 F.2d at 120. While some courts have denied motions to vacate costs where the litigant fails to substantiate the indigency claim in the motion, *see, e.g.*, *Abbs v. Con-Way Cent. Exp., Inc.*, No. CIV. 04-60201, 2007 WL 1017364, at *7 (E.D. Mich. Apr. 3, 2007); *Chezem*, 2005 WL 8174884, at *2, others have permitted the non-prevailing party an opportunity

to offer proof. *See, e.g., Murrah v. TDY Indus., LLC*, No. 3:18-cv-217, 2021 WL 5280966, at *1 (W.D. Ky. Nov. 10, 2021). Given the Sixth Circuit's directive to assess a litigant's capacity to pay costs, *Sale*s, 873 F.2d at 120, the Court believes the better course is to follow *Murrah*. Like plaintiff here, the plaintiff in *Murrah* failed to provide evidence verifying his contention that he was unable to pay costs, and he failed to argue this point with any specificity. *Id.* at *1. Although the court could have rejected outright his assertion of indigency as unsupported, the court permitted him the opportunity to offer proof "in the form of a sworn affidavit, documentation, or other reliable evidence." *Id*. Upon submission of such, the court stated it would review the matter further. *Id.*

The undersigned believes this is the wiser course of action and will allow plaintiff an opportunity to supplement the record as to her current financial status. Plaintiff may submit evidence in the form of her affidavit or other documentation to support her current claim of indigency. Meyer Tool will be given an opportunity to respond. The Court will then issue a supplemental recommendation on plaintiff's Rule 54(d) motion.

Other than plaintiff's broad arguments against the awarded costs, she has not otherwise contested them individually. Upon a review of the costs awarded, the Court finds that they appear to be properly documented and reasonable. The Court will not otherwise allow further objections to them as plaintiff has requested.

### III.   Conclusion

Based on the foregoing, the Court finds plaintiff's present motion is timely under Fed. R. Civ. P. 54(d)(1) and thus the Court has considered it as objecting to the Clerk's decision to award costs to Meyer Tool. As such, the Court will not allow plaintiff to file further objections as she has requested.

While the Court finds there is no error in the Clerk's award of costs as they are reasonable and necessarily related to this litigation, the Court will defer a decision on whether plaintiff has overcome the presumption that Meyer Tool is entitled to costs on the sole basis of whether she has the current ability to pay costs.  All other bases for denying Meyer Tool's costs lack merit.  Accordingly, the Court will grant plaintiff an opportunity to supplement the record with evidence to support the claim of her current inability to pay the costs assessed against her.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to vacate costs pursuant to Fed. R. Civ. P. 6 (b)(1)(B), Fed. R. Civ. P. 60(b)(1), and Fed. R. Civ. P. 59(e) be **DENIED AS MOOT**;

2. Plaintiff's request to file additional objections to the Clerk's taxation of costs be **DENIED**; and

3. Meyer Tool's request for "full costs" be **DENIED.**

### IT IS THEREFORE ORDERED:

1. Plaintiff shall file documentation of her current financial status in the form of an affidavit or other documentation within **21 days** of the date of this Order;

2. Plaintiff will not be permitted to file any additional supporting arguments or memoranda on this issue;

3. Meyer Tool may file a response within **14 days** after plaintiff's supplementation of the record.

4. Plaintiff's motion under Fed. R. Civ. P. 54(d)(1) is **DEFERRED** pending the parties' submissions.

Date: 4/17/2024

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

REBECA SANTIAGO,                                Case No. 1:19-cv-32
      Plaintiff,                             McFarland, J.
                                                Litkovitz, M.J.

      vs.

MEYER TOOL INC., et al.,
      Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).